### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **No. 23-CR-00036 (RBW)** |
| **WILLIAM DUNFEE,** | |
| **Defendant.** | |

## MOTION FOR IDENTIFICATION OF *ACTUS REUS* FOR EACH COUNT

WILLIAM DUNFEE, through undersigned counsel, hereby moves for an order directing the Government to identify the specific *actus reus* in which he allegedly engaged which constitutes and gives rise to the criminal offenses for which he is charged in the *Indictment*, either through a Bill of Particulars or otherwise.

## MEMORANDUM IN SUPPORT

Pursuant to the *Indictment* (Doc. No. 14) issued by the Grand Jury on February 1, 2023, Mr. DUNFEE is alleged to have committed six distinct criminal offenses:

(i)     civil disorder in violation of 18 U.S.C. § 231(a)(3);

(ii)    obstruction of an official proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2;

(iii)   entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1);

(iv)   disorderly conduct and disruptive conduct in a restricted building or ground in violation of 18 U.S.C. § 1752(a)(2);

(v)    engaging in physical violence in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(4); and

(vi)   engaging in an act of physical violence in the Capitol grounds or building in violation of 40 U.S.C. § 5104(e)(2)(F).

In alleging such criminal conduct, the *Indictment* essentially tracks the statutory language; it does not identify or provide any specificity with respect to the *actus reus* allegedly engaged in by Mr. DUNFEE by which the Government intends to establish and impose criminal liability.

In criminal cases prosecuted under the laws of the United States, the accused has the constitutional right "to be informed of the nature and cause of the accusation." U.S. Const., amend VI. And in *United States v. Mills*, 32 U.S. 138 (1833), the Supreme Court construed this to require "clearness and all necessary certainty" as to criminal charges. *Id.* at 142. Today, "[t]he…generally applicable rule is that the indictment may use the language of the statute, but that language must be supplemented with enough detail to apprise the accused of the particular offense with which he is charged." *United States v. Conlon*, 628 F.2d 150, 155 (D.C. Cir. 1980); *accord United States v. Pugh*, No. 21-CR-00073 (TFM), 2021 U.S. Dist. LEXIS 177266 at *19-20 (S.D. AlaMay 13, 2021)("[i]f an indictment tracks the language of the statute, it must be accompanied with a statement of facts and circumstances that will inform the accused of the specific offense, coming under the general description, with which he is charged"). And this principle – that an indictment that tracks the criminal statutes but be supplemented with details – has been long-established by Supreme Court precedent.

As explained by the Supreme Court, "[u]ndoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487 (1888); *see also United States v. Cruikshank*, 92 U.S. 542, 558 (1875)("where the definition of an offence, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state

the species, -- it must descend to particulars"); *United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000)("for an indictment to fulfill the functions of notifying the defendant of the charges against him and of assuring that he is tried on the matters considered by the grand jury, the indictment must state some fact *specific enough to describe a particular criminal act*, rather than a type of crime" (emphasis added)).

In the present case, while the *Indictment* alleges criminal conduct against Mr. DUNFEE premised upon broad and generic language tracking the various statutes, the specific conduct of Mr. DUNFEE by which the Government is now seeking to impose criminal liability is lacking. Mr. DUNFEE came to be in Washington, DC, on January 6, 2023, as part of an effort to petition his government for a redress of grievances and to engage in core political speech, both activities clearly within the protections of the First Amendment.   Instead of attending the "Stop the Steal" rally which took place in the Ellipse on that day, Mr. DUNFEE proceeded that morning to the Capitol in an effort to exercise his First Amendment rights, doing so through making speeches through a megaphone to others in attendance for several hours that day.   While Mr. DUNFEE ultimately walked up the steps of the Capitol, he never entered the Capitol itself nor did he engage in any criminal damaging.   Nonetheless, the Government contends that, at some point in time during those several hours, Mr. DUNFEE engaged in conduct giving rise to criminal liability.

However, as is well-established, "criminal liability is normally based upon the concurrence of two factors, an evil-meaning mind [and] an evil-doing hand." *Dixon v. United States*, 548 U.S. 1, 6 (2006); *see* 21 Am.Jur.2d, Criminal Law § 112 ("[a] crime generally consists of two elements, a physical, wrongful deed ... and a guilty mind that produces the act").   And, thus, by this *Motion*, Mr. DUNFEE seeks to have the Government identify the specific conduct, *i.e.*, the *actus reus*, by which he allegedly crossed the threshold of engaging in actions protected by the First Amendment

to committing each of the various criminal offenses charged.   Because the charges set forth in the *Indictment* are couched only in the generic language of the applicable statutes, Mr. DUNFEE is left to speculate as to the specific *actus reus* by which the Government claims a crime occurred, *i.e.*, the concurrence of the *mens rea* and *actus reus*.

A review of the *Indictment* confirms that, for each count therein, the *actus reus* alleged is couched in terms so vague and generic as to provide no indication of the specific conduct on the part of Mr. DUNFEE by which the Government claims gives rise to criminal liability:

- Count 1 (Civil Disorder):  Mr. DUNFEE "committed and attempted to commit an act to obstruct, impede, and interfere with…"

- Count 2 (Obstruction of an Official Proceeding): Mr. DUNFEE "attempted to, and did, … obstruct, influence, and impeded…."

- Count 3 (Entering and Remaining in a Restricted Building or Ground): Mr. DUNFEE did "enter and remain in a restricted building and ground…."

- Count 4 (Disorderly Conduct): Mr. DUNFEE did "engage in disorderly and disruptive conduct…."

- Count 5 (Engaging in Physical Violence in a Restricted Building or Grounds): Mr. DUNFEE did "engage in any act of physical violence…."

- Count 6 (Act of Physical Violence in the Capitol Grounds or Buildings):  Mr. DUNFEE did "engage in an act of physical violence…."

*Counts 1 and 2* of the *Indictment* simply allege the effect of the unidentified act of Mr. DUNFEE, *i.e.*, obstructed, impeded, interfered with, influenced, *etc.*, but the *Indictment* does not indicate exactly what Mr. DUNFEE allegedly did, *i.e.*, what the *actus rei* by which he allegedly obstructed, impeded, influenced, *etc.*  In another case arising from January 6, Judge Nichols expressly acknowledged that such broad and generic terms focuses on the effect of an act, as opposed to the alleged criminal act itself, and, thus, does not adequately apprize a criminal defendant of the specific conduct being charged:

> [A]bsent any limiting context, the words "obstruct, influence, and impede" provide essentially no limit on what criminal conduct might be at issue. *See* [*United States v.*] *Miller*, [589 F.Supp.3d 60, 64-65 (D.C.C. 2022)]; [*United States v.*] *Sandlin*, [575 F.Supp.3d 16, 24-25 (D.D.C. 2021); *see also* [*United States v.*] *Caldwell*, [581 F.Supp.3d 1, 22 (D.D.C. 2021)](explaining that "[t]he terms 'obstruct,' 'impede,' and especially 'influence,' unless meaningfully limited, sweep in wholly innocent and protected First Amendment conduct."). This is true in part because those verbs refer to the effect that an action has, not to the act itself. *See Sandlin*, [575 F.Supp.3d at 24]. Because many actions (including some constitutionally protected ones) could have the natural and probable effect of at least influencing an official proceeding, those words, without more, provide a defendant little to no guidance as to what conduct is being charged.

*United States v. Miller*, 605 F.Supp.3d 63, 70 (D.D.C. 2022)(denying reconsideration of prior decision at *United States v. Miller*, 589 F.Supp.3d 60 (D.D.C. 2022), *rev'd on other grds. sub nom. United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023)). In this case, the Government should set forth the specific *actus reus* for *Count 1 and Count 2* by which and when Mr. DUNFEE allegedly obstructed, impeded, interfered with, influenced, *etc.*

*Count 3* of the *Indictment* alleges that Mr. DUNFEE did "enter and remain in … [a] restricted area…where the Vice President was and would be temporarily visiting." Lacking from the *Indictment* is any allegation of the specific act whereby Mr. DUNFEE crossed the threshold from a permissible area to the pertinent "restricted area". The Government should set forth the specific *actus reus* for *Count 3* by which and when Mr. DUNFEE actually entered and remained in the particular restricted area.

*Count 4* of the *Indictment* alleges that something Mr. DUNFEE allegedly did on January 6, 2021, rose to the level of being "disorderly and disruptive conduct" though, with no further identification of the specific conduct actually giving rise to such criminal liability. As noted above, Mr. DUNFEE was present at the Capitol for several hours that day. Yet, the Government clearly contends that at some point during that day, Mr. DUNFEE was no longer engaging in First Amendment activities but had crossed into the criminal realm of being "disorderly and disruptive

conduct".  Yet, at present, it simply requires speculation and guesswork as to when that threshold was alleged crossed.  The Government should set forth the specific *actus reus* for *Count 4* that actually constitutes the "disorder and disruptive conduct" alleged therein.

Finally, *Counts 5 and 6* of the *Indictment* maintain that Mr. DUNFEE engaged in some unidentified "act of physical violence".  Yet, as with all the other criminal acts alleged in the *Indictment*, there is a complete lack of any specificity of the *actus rei* by which Mr. DUNFEE can specifically address and challenge.  The Government should set forth the specific "act of physical violence" that constitutes the *actus reus* for *Count 5 and Count 6*.

"A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances."  *Cruikshank*, 92 U.S. at 558.  In order to prepare a defense to the charges, as well as to prevent prejudicial surprise at trial and double jeopardy, Mr. DUNFEE requests that the Government identify the specific *actus reus* in which he allegedly engaged which constitutes and gives rise to each of the criminal offenses for which he is charged in the *Indictment*, either through a Bill of Particulars or otherwise, as the *Indictment* simply tracks the statutory language and does not set forth the specific and particular *actus rei* by which Mr. DUNFEE allegedly crossed the line from activity protected by the First Amendment to engaging in criminal conduct.

Respectfully submitted,

*/s/ Curt C. Hartman*
Curt C. Hartman (0064242)
THE LAW FIRM OF CURT C. HARTMAN
7394 Ridgepoint Drive, Suite 8
Cincinnati, OH  45230
(513) 379-2923
*hartmanlawfirm@fuse.net*

Thomas W. Kidd, Jr. (0066359)
KIDD & URLING, LLC
9435 Waterstone Blvd, Suite #140
Cincinnati, Ohio 45249
(513) 733-3080
*tkidd@kiddurlinglaw.com*

Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that, on the date of filing, a copy of the foregoing will be served upon counsel for the government through the Court's ECF system.

*/s/ Curt C. Hartman*