## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:23-CR-0036 (RBW)** |
| | : | |
| **WILLIAM ROBERT DUNFEE,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' MOTION *IN LIMINE*
## TO PRECLUDE IMPROPER DEFENSE ARGUMENTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, respectfully moves this court *in limine* to preclude improper defense arguments. The United States asks that the Court grant the requested relief or, if the Court reserves ruling, to consider the below arguments when the relevant issues arise during trial.

### A. First Amendment

The Defendant made numerous public statements prior, during, and after January 6, 2021, which included certain inculpatory statements. The United States moves this Court to admit in its case-in-chief statements that evince Defendant's motive or intent, or which go to prove an element of any offense with which he is charged. In anticipation that Defendant may seek to oppose introduction of Defendant's statements on First Amendment grounds or may cite the First Amendment in arguments to the Court, the United States also moves *in limine* to preclude the defense from eliciting evidence or arguing to the Court that Defendant's statements and actions were protected by the First Amendment.

### 1.   Admission of Defendant's Statements Do Not Violate the First Amendment

First, the United States may introduce several statements by Defendant that will aid the Court's determination of Defendant's motive and intent.  *See Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) (holding that the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent").  "Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like." *Id*.

Courts across the country, including this Court's colleagues in January 6th cases, have allowed evidence of defendants' statements for the purposes sanctioned by *Mitchell*.  As Judge Cooper ruled:

> Nor does the Court find any First Amendment concerns in the government's use of Robertson's statements to show intent. . . .  If Robertson had expressed his views only through social media, he almost certainly would not be here.  But he also allegedly took action—entering the Capitol without lawful authority in an alleged attempt to impede the Electoral College vote certification.  His words remain relevant to his intent and motive for taking those alleged actions.

*United States v. Robertson*, 588 F. Supp. 3d 114, 124 (D.D.C. 2022) (internal citation omitted).  Outside of the context of January 6th, *Mitchell* has been cited to uphold the admission of a wide range of statements, including but not limited to rap lyrics, terrorist materials, and speeches advocating civil disobedience.  *See, e.g., United States v. Smith*, 967 F.3d 1196, 1205 (11th Cir. 2020) (rap lyrics); *United States v. Pierce*, 785 F.3d 832, 841 (2d Cir. 2015) (rap lyrics and tattoos); *United States v. Salameh*, 152 F.3d 88, 111–12 (2d Cir. 1998) (terrorist materials); *United States v. Fullmer*, 584 F.3d 132, 158 (9th Cir. 2009) (speeches advocating civil disobedience).[1]

---

[1] The court in *Fullmer* specifically noted that one defendant's conduct—which included writing an editorial and recruiting speakers to travel and advocate on behalf of his organization—was not criminal, and that punishing him based on that conduct alone would be unconstitutional.  *Fullmer*, 584 F.3d at 158.  The court nonetheless, citing *Mitchell*, held that this defendant's "conduct . . .

Defendant's statements that shed light on the elements of the offenses, or motive or intent, should be admitted in this case as expressly permitted by *Mitchell*, regardless of whether any of those statements may otherwise constitute speech protected by the First Amendment.

Second, the United States may introduce Defendant's statements to show that he impermissibly aided and abetted others under 18 U.S.C. §§ 1512(c)(2) and 2.  For hours prior to the rioters breaking into the U.S. Capitol, the Defendant encouraged others to stop the certification of the 2020 Election by going inside the building.  His encouragement took a variety of forms including pushing against barricades and officers and directing rioters to go into the Capitol.  He yelled, among other things, "Rise up!", "What's the purpose of these gates [in front of the Capitol]? It's to keep you away from our house", "If they let us down, we are going to our house!", "Hold the line!" and "We will take that building!"  Just because Defendant aided and abetted in part through his words does not bar the introduction of those statements under the First Amendment. *See National Organization for Women v. Operation Rescue*, 37 F.3d 646, 656 (D.C. Cir. 1994) ("That aiding and abetting of an illegal act may be carried out through speech is no bar to its illegality.").  By providing instructions to rioters as to how to disrupt the certification of the election, the Defendant incited others to obstruct the congressional proceeding in violation of 18 U.S.C. § 1512(c)(2). *See United States v. Buttorff*, 572 F.2d 619, 624 (8th Cir. 1978) (affirming convictions of aiding and abetting where defendants gave speeches recommending people commit tax fraud); *Brandenburg v, Ohio*, 395 U.S. 444, 447 (1969). The statements should be admitted to show as much.

---

does provide circumstantial evidence from which a jury could have reasonably inferred that Harper was involved in a conspiracy."  *Id*.

## 2.  Defendant Should be Precluded from Raising a First Amendment Defense to the Court

The United States also moves *in limine* to preclude Defendant from arguing to the Court that his conduct was protected by the First Amendment.  None of the offenses with which Defendant is charged punish protected speech.  The crimes with which Defendant is charged punish actions taken during the riot.

If the United States establishes the elements of any of the offenses with which Defendant is charged, the First Amendment provides no defense, even if evidence of Defendant's crimes are intertwined with political discussion and rhetoric.  *See United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012) ("[A]lthough the conspiracy was closely related to, and indeed proved by, many of the defendants' conversations about political and religious matters, the conviction was based on an agreement to cooperate in the commission a crime, not simply to talk about it."); *see also United States v. Hassan*, 742 F.3d 104, 127–28 (4th Cir. 2014) (citing *Amawi*).  Having now presided over multiple January 6 trials, the Court is no doubt familiar with the fact that the First Amendment does not permit a defendant to obstruct a Congressional proceeding, topple police barricades, or trespass into a restricted area.  *See United States v. Nordean,* 579 F. Supp. 3d 28, 54 (D.D.C. 2021) (rejecting First Amendment challenge and noting, "Quite obviously, there were many avenues for Defendants to express their opinions about the 2020 presidential election, or their views about how Congress should perform its constitutional duties on January 6, without resorting to the conduct with which they have been charged").

Accordingly, any line of cross-examination or argument Defendant may wish to make regarding the First Amendment is irrelevant because it lacks a "tendency to make the existence of [a] fact that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence," Fed. R. Evid. 401, and because Defendant is not entitled to a First Amendment defense as a matter of law.

### B. Charging Decisions and Selective Prosecution

The United States moves *in limine* to exclude all evidence and arguments regarding its charging decisions.  The Supreme Court has recognized that the "Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws."  *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)).  "They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.'"  *Id*.  (quoting U.S. Const. Art. II, § 3); *see* 28 U.S.C. §§ 516, 547.  As a general matter, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."  *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Batchelder*, 442 U.S. 114, 125 (1979) ("Selectivity in the enforcement of criminal laws is, of course, subject to constitutional constraints.").

Indeed, the D.C. Circuit has recognized that a selective prosecution claim implicates "an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged."  *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983); *see also United States v. Stone*, 394 F.Supp.3d 1, 30 n.24 (D.D.C. 2019) ("[T]he Supreme Court found that a claim of selective prosecution is not a 'defense' that triggers discovery under Rule 16, because a claim of selective prosecution is not a response to the government's case-in-chief."); *Armstrong*, 517 U.S. at 463 (noting that a "selective-prosecution claim is not a defense on the merits to the criminal charge").  After all, evidence that some other individual is currently

uncharged or has been charged with a lesser crime than those charged here has no probative value to the issues at trial and serves only to confuse, mislead and waste time.  *See* Fed. R. Evid. 402, 403; *see also United States v. Reed*, 641 F.3d 992, 993–94 (8th Cir. 2011) (collecting cases and observing that "[s]everal circuits have unanimously upheld the exclusion of evidence of prior charging decisions on the ground that many factors unrelated to guilt may influence those decisions and their admission therefore risks misleading the jury and confusing the issues"); *United States v. Sutton*, 636 F.Supp.3d 179, 209-10 (D.D.C. 2022)("These issues are irrelevant, inappropriate for consideration by the jury, invite jury nullification, and distract from the issues at trial.").

Defendant should be precluded from introducing evidence or making arguments regarding charging decisions made by the United States.  To the extent that Defendant seeks to present evidence or arguments that other individuals have not been charged for related conduct or that it is unfair that he has been charged, while other individuals involved in related criminal conduct remain uncharged or charged with lesser offenses, such evidence is irrelevant, inadmissible, and serves only to divert the Court's attention to matters unrelated to Defendant's guilt or innocence.

### C. Entrapment or Public Authority Defenses

Defendant should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave permission to enter the U.S. Capitol.  A public authority defense is available only where a defendant "has knowingly acted in violation of federal criminal law, but has done so in reasonable reliance on the authorization of a governmental official." *United States v. Alvarado*, 808 F.3d 474, 484 (11th Cir. 2015).  Relatedly, the defense of entrapment by estoppel applies only "to a defendant who reasonably relies on the assurance of a government official that specified conduct will not violate the law."  *Id*. at 484–85.  Such reliance must be "objectively reasonable."  *United States v. Barker*, 546 F.2d 940, 948 (D.C. Cir. 1976). This

defense is unavailable in this case, and the United States moves *in limine* to exclude evidence or argument targeted at such a defense.

As of the filing of the instant motion, Defendant has not provided the requisite notice for such a defense. Federal Rule of Criminal Procedure 12.3(a)(1) requires defendants to provide notice if they "intend[ ] to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense." Fed. R. Crim. P. 12.3(a)(1). Such notice must be in writing and be filed with the clerk "within the time provided for filing a pretrial motion, or at any later time the court sets." *Id*. The notice must contain the law enforcement or federal intelligence agency involved, the specific agency member on whose behalf the defendant claims to have acted, and the time during which the defendant claims to have acted with public authority. Fed. R. Crim. P. 12.3(a)(2)(A)–(C). A failure to comply allows the court to exclude the testimony of any undisclosed witness except the defendant. Fed. R. Crim. P. 12.3(c). Because, as of the date of this filing, Defendant has not served notice pursuant to Rule 12.3(a)(1), any such defense should be precluded.

Even where notice is not an issue, courts in other January 6 cases have excluded public authority or entrapment-by-estoppel defenses. *See United States v. Thompson*, 21-cr-161-1(RBW), ECF-69 (D.D.C. March 25, 2022) (ordering that testimony of certain government witnesses could not be used to support affirmative defenses that the defendant acted knowingly but in reasonable reliance upon a grant of authority from a government official or entrapment-by-estoppel) (Walton, J.); *see also United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022), ECF No. 87; *United States v. Chrestman*, 525 F. Supp. 3d 14, 32–33 (D.D.C. 2021) (analyzing limitations on public authority defenses and noting their unlikely application in January

6 cases).  In the event Defendant belatedly provides notice of such a defense, the United States reserves the right to move to preclude such arguments at that time.

### D. Irrelevant Evidence

Defendant should be prohibited from making arguments or attempting to introduce evidence about issues irrelevant to the charges.  In particular, the Court should permit no argument, evidence, or questioning regarding the following topics, which would serve only to encourage the Court to decide the case based on factors other than the facts and the law.

### 1. Use of Federal Resources and the Volume and Timing of Discovery

The United States requests Defendant be precluded from arguing or eliciting testimony regarding the volume, nature, or timing of discovery or the volume and type of federal resources used in the investigation and prosecution of the case.  Any attempt by Defendant to comment on discovery or allocation of federal resources is irrelevant and unduly prejudicial.  Fed. R. Evid. 401, 402, 403.  Instead, such arguments and testimony invite the Court to improperly consider its feelings towards the United States and the government's decision making about how to allocate resources.

### 2. Defendant's Claimed Good Character

*Character Generally*.  Defendant has stated that he intends to call several character witnesses.  The Court should exclude evidence and argument from Defendant on reputation or opinion evidence that Defendant is generous, charitable, family-oriented, religious, or a contributor to his community.  Evidence that a defendant possesses certain favorable character traits is admissible only when the trait is "pertinent" to the offense charged.  Fed. R. Evid. 404(a)(2)(A); *see, e.g., United States v. Harris*, 491 F.3d 440, 447 (D.C. Cir. 2007); *United States v. Santana-Camacho*, 931 F.2d 966, 967–68 (1st Cir. 1991) (Breyer, C.J.).  But defendants may not provide

evidence of possessing a generally good character.  *See, e.g.*, *United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994) (court properly excluded "classic character evidence offered to prove that [defendant] had a good character and acted in conformity therewith").  Such evidence only promotes improper inferences about the defendant and wastes court resources and is not allowable. *See United States v. Joseph*, 567 F. App'x 844, 849 (11th Cir. 2014) ("[W]hen the district court restricted defense counsel's comments about defendant]'s honor and social contributions . . . the court did not deny [defendant] the opportunity to make a legally tenable argument. Instead, it kept him from making impermissible arguments.").  Because none of the above characteristics are relevant to the charged offenses, the Court should exclude any evidence and argument addressing these character traits.

     *Specific Instances of Conduct*.  The Court should also exclude evidence and argument of specific instances of Defendant's good character, including caring for family members, donations, leading and attending religious services, performing charitable or civic work, or other forms of generosity.  Rule 405(b) makes clear that unless a defendant's character or character trait is "an essential element of a charge, claim, or defense," he may not offer evidence of specific instances of good conduct.  Fed. R. Evid. 405(b).  Because none of the above instances of good conduct are relevant to an essential element of a charge, claim, or defense in this case, evidence of such should be excluded.  *See United States v. Bernard*, 299 F.3d 467, 476 (5th Cir. 2002) (approving court's sentencing instruction that jurors should not "consider the religious views of the defendants"); *Santana-Camacho*, 931 F.2d at 967 (excluding evidence that defendant was a good family man and a kind man because it was not a trait relevant to the offense); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (holding evidence of "bravery, attention to duty, perhaps community spirit" were "hardly 'pertinent' to the [charged] crimes"); *United States v. Morison*,

622 F. Supp. 1009, 10111 (D. Md. 1985) (holding "patriotism" was not a relevant trait to the charged offense).

### 3. Defendant's Claimed Ignorance of the Law

The Court should exclude evidence and argument from Defendant that he was ignorant of the illegality of the charged conduct.  "The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 199 (1991).  While there is a "narrow exception," *United States v. Brooks*, 681 F.3d 678, 700 n.18 (5th Cir. 2012), that exception is "reserved . . . to limited types of statutory violations involving 'complex' statutes—namely those governing federal tax law and anti-structuring transactions." *United States v. Kay*, 513 F.3d 432, 448 (5th Cir. 2007); *see Bryan v. United States*, 524 U.S. 184, 195 (1998).

Because ignorance of the law is not a defense to any of the charged offenses, any evidence and argument that Defendant did not know that the charged conduct was illegal should be excluded as irrelevant, and Defendant should not be permitted to ask witnesses if they knew their conduct was illegal or whether they intended to commit crimes.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant the

requested relief or, if the Court reserves ruling, to consider the above arguments when the relevant

issues arise during trial.

Date: November 3, 2023

                        MATTHEW M. GRAVES
                        United States Attorney
                        D.C. Bar No. 481052

By:          */s/ Will N. Widman*
                        WILL N. WIDMAN
                        KATHRYN E. BOLAS
                        Assistant U.S. Attorneys
                        NC Bar No. 48158
                        NY Bar No. 5704234
                        United States Attorney's Office
                        Capitol Siege Section
                        601 D Street, NW
                        Washington, D.C. 20530
                        Phone: 202-353-8611
                                    202-252-0872
                        Will.Widman@usdoj.gov
                        Kathryn.Bolas@usdoj.gov