UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM ROBERT DUNFEE | Case No. 1:23-CR-0036 (RBW) |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

The Court should deny Defendant's motion for a bill of particulars—filed almost nine months after his arraignment—as untimely. The Court should also deny the motion on the merits because it improperly asks the Court to compel the government to provide a detailed exposition of its evidence and legal theories, and because the information sought is available to Defendant in the government's discovery and other sources. Several courts in this district have denied similar requests in January 6 cases. *See, e.g.*, *United States v. Mels*, 1:21-cr-00184 (D.D.C. July 21, 2022) (Minute Order); *United States v. Beeks*, 21-cr-28 (APM), ECF-811 (D.D.C. January 5, 2023).

**Relevant Factual & Procedural Background**

Defendant was arrested pursuant to a seven-count complaint on October 5, 2022. (Dkt. 1; 10/5/2022 Minute Entry). The complaint charged Defendant with violating 18 U.S.C. § 1752(a)(1), (2), and (4), 40 U.S.C. § 5104(e)(2)(D), (F), 18 U.S.C. § 231(a)(3), and 18 U.S.C. § 1512(c)(2) in connection with his actions on January 6, 2021. (Dkt. 1.) The Statement of Facts accompanying the complaint details Defendant's actions and words on January 6, 2021. It specifies, among other things, that Defendant "physically resist[ed] U.S. Capitol Police by pushing against a metal barricade and entering the restricted areas of the U.S. Capitol grounds," (Dkt. 1 ¶ 16), and Defendant went "inside the restricted areas of the U.S. Capitol grounds," (Dkt. 1 ¶ 15). The Statement of Facts also documents Defendant's instructions and words of

encouragement to the crowd during the January 6 riot. Defendant addressed the riotous crowd, often from a raised platform with a bull horn, saying, among other things, "we are going to our house", "hold the line", and "fight for Trump." (Dkt. 1 ¶¶ 20-25.)

On February 1, 2023, Defendant was indicted on all charges in the complaint except 40 U.S.C. § 5104(e)(2)(D).[1] (Dkt. 14.) On February 9, 2023, Defendant was arraigned. (2/9/2023 Minute Entry.) Following Defendant's arraignment, the parties appeared for status conferences before this Court on February 24, 2023, April 26, 2023, July 5, 2023, August 4, 2023, September 14, 2023 and October 18, 2023. (2/24/2023, 4/26/2023, 7/5/2023, 8/4/2023, 9/14/2023, 10/18/2023 Minute Entries.) Defense counsel was retained prior to the initial status conference with counsel noticing appearances in December 2022 and January 2023. (Dkts. 7, 13.) Defense counsel has not changed.

The government has provided Defendant with considerable case-specific discovery, consisting of seven productions of materials relevant to Defendant's case. Prior to Defendant's indictment, case-specific discovery was produced on December 16, 2022, and January 3, 2023, which included 24 open-source videos and images of Defendant's actions and words on January 6, 2021. After indictment, case-specific discovery was produced on March 22, 2023, April 5, 2023, April 18, 2023, May 11, 2023, and May 15, 2023, which included case file serials, U.S. Capitol closed-circuit videos, additional videos and images from other January 6 cases and open sources, Defendant's cellphone download and scoped report, and Grand Jury materials. The fifth case-specific discovery production alone, sent over six months ago, contained 72 total files and provided Defendant with all videos referenced in the case file, government video exhibits from other

---

[1] 18 U.S.C § 2, aiding and abetting, was also added to the 18 U.S.C § 1512(c)(2) charge.

January 6 cases showing the Defendant, and additional open-source videos of the Defendant. At this point, all case-specific discovery has been provided to the defense. Additionally, all global discovery productions are up to date in this case. As of October 12, 2023, the global discovery workspace contains over 7.93 million files (over 10.08 terabytes) of searchable information available for Defendant's independent investigation.

Following the status conference on September 14, 2023, the Court ordered the parties to file a notice on or before September 29, 2023, advising the Court whether the case could be resolved through a stipulated bench trial and whether the parties reached an agreement as to stipulated facts. (Dkt. 35.) The parties conferred regarding a stipulated bench trial and proposed stipulated facts. (Dkt. 37.) This included the government sending Defendant an 18-page document with proposed stipulated facts. The parties were unable to agree and requested the Court to set a trial date. (Dkt. 37.) On October 18, 2023, the Court ordered trial to begin on January 22, 2024. (10/18/2023 Minute Entry.)

Defendant filed the instant motion seeking a bill of particulars on November 1, 2023. (Dkt. 47.)

## I. Defendant's Motion Should Be Denied as Untimely.

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, a defendant may move for a bill of particulars "before or within 14 days of arraignment or at a later time if the court permits." A defendant should seek leave of court to file such a motion outside this 14-day window. *See United States v. Kozel*, No. 19-CR-460 (KMW), 2020 WL 4751498, at *3 (S.D.N.Y. Aug. 17, 2020) ("A defendant must move for a bill of particulars within 14 days of his arraignment, unless authorized by the court."). A court should not countenance an untimely motion where the

defendant offers no explanation or excuse for the delay. *Id*. ("Defendant offers no explanation for his delay, and the Court declines to excuse Defendant's lateness.").

Defendant in this case was arraigned on the Indictment on February 9, 2023. (2/9/2023 Minute Entry.) The instant motion, which was filed November 1, 2023, is thus more than 251 days late. Defendant offers no explanation or excuse for this extraordinary delay, nor any reason for the Court to find good cause to allow the late filing now. Indeed, what makes the motion more extraordinary is that it comes after the parties were scheduled for a stipulated bench trial and indeed exchanged a draft of stipulated facts. By filing a motion for a bill of particulars, a defendant is essentially telling the Court, "I can't prepare my defense because I don't understand what crime I am alleged to have committed." *See* Mot. at 4 ("Mr. DUNFEE is left to speculate as to the specific *actus reus* by which the Government claims a crime occurred."). It is not in anyone's interest—not Defendant's, not the government's, not the Court's, and not the public's—to allow months and months to pass with a defendant unable to prepare a defense due to a *true* lack of information. Allowing a defendant to file a motion for a bill of particulars so long after arraignment and mere months from trial is thus antithetical to the very purpose of a bill of particulars.[2]

For this reason, a motion for a bill of particulars should be filed "promptly" after arraignment. *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, fn. 6 (D.D.C. 2015) (noting motion for bill of particulars should be filed "promptly after the initiation of a criminal case"),

---

[2] Defendant's motion is styled as a "Motion for Identification of *Actus Reus* for Each Count," in which Defendant seeks an order by the Court directing the government "to identify the specific *actus reus*" for each of the criminal offenses alleged in the Indictment "either through a Bill of Particulars or otherwise." Mot. at 1. Although a bill of particulars is the correct procedural mechanism through which Defendant would seek this information, he also asks for the information under an "otherwise" unspecified procedural avenue. The motion should not be construed as something other than motion for a bill of particulars, so that Defendant can avoid the proper procedural requirements.

citing *United States v. Homaune*, 898 F.Supp.2d 153, 165 (D.D.C. 2012) (denying untimely motion for bill of particulars filed "fifty-two days after arraignment—far beyond Rule 7(f)'s fourteen-day default—with no explanation for why his request took so long to lodge."). Indeed, district courts have denied motions seeking a bill of particulars as untimely in less egregious procedural postures than the more than 8-month delay in this case. *See*, *e.g.*, *Kozel*, 2020 WL 4751498, at *3 (denying motion filed six months after arraignment). And, as with a decision based on the merits, a decision to deny a motion for a bill of particulars as untimely is soundly within the discretion of the court. *United States v. Cooper*, 902 F.2d 1570 (6th Cir. 1990) ("Thus, because Cooper's motion for a bill of particulars was untimely, the district court acted within its discretion to deny the motion").

Because Defendant's motion was filed 251 days late, the Court should deny it as untimely and not reach the merits.

## II.    The Indictment and Discovery Sufficiently Detail the Charges.

If the Court reaches the merits of Defendant's motion, it should deny it because Defendant improperly asks the Court to compel the government to provide a detailed exposition of its trial evidence and arguments, and because the information sought is available to Defendant in the government's discovery and from other sources.

### A.    Legal standard

The Federal Rules of Criminal Procedure require that an "indictment… be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A charging instrument "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Generally, an indictment is sufficient

5

if it "set[s] forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id*. (internal quotation marks omitted).

The purpose of a bill of particulars is, "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. 1987). A bill of particulars should thus be granted only when "necessary to prevent unfair surprise at trial." *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 36-37 (D.D.C. 2000) (internal quotation omitted). If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars is not a matter of right and is only ordered when "necessary." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (quoting 1 Charles Alan Wright & Andrew Leipold, *Federal Practice and Procedure: Criminal § 130* (4th ed. 2008). A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *Sanford Ltd.*, 841 F. Supp. 2d at 316 (internal quotation marks

and citation omitted, emphasis in original).  Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

### B. Defendant Seeks Evidentiary Proof, Not Clarification of Charges

Here, Defendant seeks a bill of particulars to provide information about how the government intends to prove the *actus reus* as to each count.  Mot. at 3.  Defendant claims that the bill of particulars is necessary because, according to him, the "*actus reus* alleged [in the Indictment] is couched in terms so vague and generic as to provide no indication of the specific conduct on the part of Mr. DUNFEE by which the Government claims gives rise to criminal liability."  Mot. at 4.  Instead of seeking clarification of the charges brought against him, Defendant wants to know how the government intends to prove its allegations.  This is precisely the type of information—evidentiary proof, not clarification—improperly sought by a bill of particulars. *Martinez*, 764 F. Supp. 2d at 173.

### C. The Indictment is Sufficient

The Indictment provides sufficient detail outlining the allegations against Defendant. *See United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (no bill of particulars required where the superseding indictment identified, among other things, the object of the charged conspiracy, the conspiracy's "time period," the applicable *mens rea*, and locations where conspirators acted). Along with providing a specific date and place of the alleged conduct, the Indictment language

tracks closely that of the applicable statutes.  Nothing in the language is vague, unclear, or lacking in specificity.[3]

### D. The Information Sought is Available in Discovery and Other Sources

Even if the Indictment alone necessitates a bill of particulars, Defendant still has enough information to enable him to prepare defenses to the allegations against him.  Defendant has only alleged that the Indictment does not provide him with the information he seeks; however, when determining whether a bill of particulars is necessary, the Court should also consider the other information Defendant has available to him through other means.  *See Lorenzana-Cordon*, 130 F. Supp. 3d at 179; *United States v. Tajideen*, 319 F.Supp.3d 445, 465 (D.D.C. 2018) (denying a request for a bill of particulars in part because the defendant did not refute that discovery provided him with the information he sought) (Walton, J.).  Before he was indicted, Defendant was charged by a complaint, which included a statement of facts detailing the evidence against him.  In addition, Defendant has had the benefit of comprehensive discovery, which satisfies his request for additional information on the *actus reus* and allows him to prepare his defenses.  Indeed, Defendant filed a notice regarding one potential defense already.  (*See* Dkt. 51.)

The substantial discovery provided in this case also provides Defendant with the information he needs.  Video footage—which has been provided to Defendant through discovery—shows the Defendant encouraging and directing the crowd to break through the restricted barriers around the Capitol on January 6.  Then, as video evidence shows, Defendant approached the very front of the metal bike rack barricades with a line of police behind it.  At

---

[3] Portions of the motion appear to be an attempt to renew Defendant's Motion to Dismiss Count 2. (Dkt. 33.)  For instance, the motion discusses how broad the language in 18 U.S.C. § 1512(c)(2) supposedly is.  (Mot. at 4-5 (quoting Judge Nichols' opinion in *United States v. Miller*, 605 F.Supp.3d 63 (D.D.C. 2022), rev'd *United States v. Fisher*, 64 F.4th 329 (D.D.C. 2023))).

approximately 1:45 p.m., Defendant pushed against the barricades against U.S. Capitol Police (USCP) officers.  Defendant lifted the heavy fencing from the ground, broke through that group of USCP officers, and advanced towards the U.S. Capitol Building.  Defendant has received 302 reports in case-specific discovery detailing interviews wherein he was identified as a leader on the East Front who recruited others in the crowd to assist him in pushing metal fencing against USCP officers.  Defendant and other rioters were able to temporarily breach the line.  Defendant was one of the few rioters during the first breach attempt to actually break through and enter the restricted area between the barricade line and the Capitol steps.  Officers marshalled Defendant and the others who had broken through to return behind the metal fencing, and the barricade was resecured by officers.

At approximately 2:00 p.m., Defendant and other rioters pushed against metal fencing against U.S. Capitol Police officers again in a second attempt to break through and advance toward the U.S. Capitol Building.  On this occasion, Defendant and other rioters successfully breached the metal fencing and officers were unable to resecure the barricade line.  Defendant has received 302 reports in global discovery detailing interviews with USCP Officer A.W., who was present on the East Front when Defendant and others breached the barricade line, and who was named in Defendant's Notice of Public Authority Defense, ECF No. 51.  Defendant and other rioters then entered the restricted area of the U.S. Capitol.  As he admits in his motion, Defendant proceeded up the East Central Stairs of the U.S. Capitol.  Mot. at 3.  Defendant continued to participate in the riot and advanced to the Rotunda Doors of the U.S. Capitol Building.  Video evidence shows Defendant finally backed away from the Rotunda Doors after he was sprayed with a chemical substance by officers trying to control the riot.  In other words, the government has provided in

discovery, and Defendant has available to him, photographic and video documentation of his actions and words before, on, and after January 6, 2021.

In addition to the Statement of Facts provided by the government at the outset of this case, in May 2023, Defendant received a plea offer by the government, which included a Statement of Offense detailing Defendant's actions on January 6, 2021. Likewise, in September 2023, the parties were ordered to confer regarding a potential stipulated bench trial. Consistent with that order, the government provided Defendant with a proposed Statement of Facts. The 18-page draft included a narrative of Defendant's actions on January 6, 2021, as well as photos and still images from videos, all of which have been produced to Defendant, depicting Defendant's actions. It is inconceivable that this, coupled with the Indictment, the Complaint and the extensive discovery, does not provide Defendant with enough information to formulate a defense or conduct independent investigation.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for a bill of particulars should be denied.

Dated: November 15, 2023.

                                    Respectfully submitted,

                                    MATTHEW M. GRAVES
                                    United States Attorney
                                    D.C. Bar No. 481052

By:                    */s/Will N. Widman*
                                    WILL N. WIDMAN
                                    U.S. Department of Justice -CRM
                                    NC Bar No. 48158
                                    1301 New York Avenue, N.W.
                                    Washington, D.C. 20530
                                    Will.Widman@usdoj.gov
                                    (202) 353-8611

                                    KATHRYN E. BOLAS
                                    Assistant U.S. Attorney
                                    Capitol Siege Section
                                    NY Bar No. 5704234
                                    United States Attorney's Office
                                    601 D Street, NW
                                    Washington, D.C. 20530
                                    Kathryn.Bolas@usdoj.gov
                                    (202) 252-0872