UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   v.<br><br>**WILLIAM DUNFEE,**<br><br>   **Defendant.** | No. 23-CR-00036 (RBW) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO UNITED STATES' MOTION
*IN LIMINE* TO PRECLUDE IMPROPER DEFENSE ARGUMENTS (Doc. No. 49)**

WILLIAM DUNFEE, through undersigned counsel, hereby tenders the following opposition to the United States' *Motion in Limine to Preclude Improper Defense Arguments* (Doc. No. 49).

**MEMORANDUM IN OPPOSITION**

"A motion *in limine* is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). While the Federal Rules of Evidence do not explicitly provide for motions *in limine*, they are a part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

Nonetheless, because, "the first purpose of a motion *in limine*, protecting the jury, is inapplicable in the context of a bench trial," *Coppi v. City of Dana Point*, 2014 U.S. Dist. LEXIS 195668, 2014 WL 12589639, at *3 (C.D. Calif. Feb. 24, 2014), "a motion *in limine* serves no real purpose in a bench trial since the court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." *Rash v. Lafayette Cty. Miss.*, No. 20-CV-224, 2022 U.S.

1

Dist. LEXIS 58231, 2022 WL 983645, at *1 (N.D. Miss. Mar. 30, 2022).  As such, a motion *in limine* in the context of a bench trial is "generally superfluous."  *United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009); *see Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001)("this is a bench trial, making any motion *in limine* asinine on its face").

Furthermore, a court's ruling "on a pre-trial motion *in limine* is preliminary and can be revisited at trial based on the facts and evidence as they are actually presented." *United States v. Robinson*, 2023 U.S. Dist. LEXIS 167602, at *3 (W.D. Wash. Sept. 20, 2023).  In fact, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41-42.

Thus, because of the nature of motions *in limine*, as well as the fact that this case is proceeding forward to a bench trial (not a jury trial), the effort of the Government to obtain definitive evidentiary rulings and rulings on permissible arguments based on nothing more than conclusory assertions in the *Motion in Limine* is misplaced.  For that reason alone, the *Motion in Limine* can and should be denied.  This notwithstanding, the effort and relief which the Government seeks through the *Motion in Limine* lacks sufficient support even when the merits therein are considered, especially in the context of the effort of the Government to effectively eviscerate Mr. DUNFEE's fundamental rights under the First Amendment.

**The Government improperly seeks to be afforded a sword and a shield in the context of potential evidence directly implicating the First Amendment.**

With respect to evidence that it will apparently be offering at trial, the Government implicitly acknowledges that this evidence directly implicates the First Amendment rights of Mr. DUNFEE.  Nonetheless, the Government seeks to have this Court ignore the Constitution and adopt the Government's proposed sword-and-shield approach with respect to the allowance and exclusion of such evidence and argument thereon, all to the advantage of the Government and to

the prejudice of Mr. DUNFEE. On the one hand, the Government seeks to have this Court allow it to offer any and all statements allegedly made by Mr. DUNFEE (including statements clearly falling within the ambit of being "core political speech") while, at the same time, precluding "the defense from eliciting evidence or arguing to the Court that defendant's statements and actions were protected by the First Amendment." *Motion in Limine, at 1-5*. There is no basis to give the Government both the sword and shield it now seeks.

"The Supreme Court [has] never addressed the reach of the First Amendment regarding the use of speech as evidence in criminal trials." *United States v. Mills*, 367 F. Supp. 3d 664, 669 (E.D. Mich. 2019). Nonetheless, Mr. DUNFEE acknowledges that current caselaw allows, as a general proposition, the Government to use evidence of a defendant's speech, though such use is constrained to being for a proper purpose during trial, such as establishing "the elements of a crime or to prove motive or intent." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993). Whether any of the evidence the Government will seek to introduce at trial actually meets this standard is not readily apparent from the *Motion in Limine* and the Government's conclusory *ipse dixit* is insufficient in this regard.

Within the *Motion in Limine*, the Government acknowledges Mr. DUNFEE was speaking, *i.e.*, exercising his First Amendment rights, "[f]or hours prior" to the entry of other persons into the Capitol. *Motion in Limine, at 3*.[1] Yet, out the hours of Mr. DUNFEE exercising his First Amendment rights on January 6, 2021, the Government has identified but a few isolated comments allegedly made by Mr. DUNFEE for which they now seek, at this stage of the proceedings and with no context whatsoever, a definitive ruling from the Court on the admissibility of these isolated statements. *Motion in Limine, at 3* (identifying alleged comments by Mr. DUNFEE of "Rise up!",

---

[1] Mr. DUNFEE, personally, never entered the Capitol.

3

"What's the purpose of these gates [in front of the Capitol]? It's to keep you away from our house", "If they let us down, we are going to our house!", "Hold the line!" and "We will take that building!").[2]

To what extent such statements, once proven to have actually been made, tend to prove motive or intent, as opposed to being inadmissible political hyperbole or opinion or abstract beliefs, can only be determined based upon the presentation of such evidence at trial by the Government, including the supporting foundational evidence providing the complete context in which such statements were made. *See Watts v. United States*, 394 U.S. 705, 706-08 (1969)(trial judge erred in denying defendant's motion for a judgment of acquittal, after the government's evidence showed that the defendant's statement allegedly threatening the President of the United States was merely "political hyperbole" and not a true threat); *Dawson*, 503 U.S. at 168 ("abstract beliefs" cannot be admitted into evidence "when those beliefs have no bearing on the issue being tried"); *see also id.* at 167 (the Government cannot introduce evidence of a defendant's speech simply to portray that defendant as "morally reprehensible" based on the views he or she has expressed); *see also Brandenburg v. Ohio*, 395 U.S. 444, 447-48 (1969)(abstract advocacy of unlawful activity may not be prohibited by government, but only incitement to imminent unlawful action is not protected by First Amendment).

---

[2] In the cumulative, to make these statements lasts no more than 15 seconds yet, Mr. DUNFEE was, as the Government admits, speaking "for hours". Thus, the Government has offered neither the context nor timing as to when each individual comment was actually made, as well as other exculpatory statements by Mr. DUNFEE throughout the course of the hours during which Mr. DUNFEE was speaking that day.

Additionally, the Government does not indicate whether there are statements of Mr. DUNFEE in addition to those specifically identified in the *Motion in Limine* for which it seeks, through the *Motion in Limine* or otherwise, *carte blanche* to be admitted at trial.

Having sought to have this Court grant it *carte blanche* authority to use all of Mr. DUNFEE's core political speech against him as a sword at trial, the Government, shockingly, seeks, in turn, to be shielded or protected from any evidence or argument that challenges the effort of the Government to use such speech against Mr. DUNFFEE. *See Motion in Limine, at 4.* But if the Government wants to open the door to use Mr. DUNFEE's core political speech against him, then the Government must be willing to accept challenges and refutations to its efforts, be it through the admission of refuting evidence or argument thereon. "[W]here there is some evidence …that the purpose of the speaker or the tendency of his words are directed to ideas or consequences remote from the commission of the criminal act, a defense based on the First Amendment is a legitimate matter for the jury's consideration." *United States v. Freeman*, 761 F.2d 549, 551 (9th Cir. 1985)(defendant charged with aiding and abetting violations of the tax laws by counseling noncompliance with the tax laws; jury instruction on First Amendment required when speaker "directed his comments at the unfairness of the tax laws generally, without soliciting or counseling a violation of the law in an immediate sense [and] made statements that, at least arguably, were of abstract generality, remote from advice to commit a specific criminal act").

Additionally, when the Government seeks to use core political speech to prove a criminal case, there is no basis to preclude challenges and argument thereon based upon the First Amendment; to the contrary, case law supports the right and ability of a criminal defendant to invoke the protection and privileges of the First Amendment. *See United States v. Santilli*, 2017 U.S. Dist. LEXIS 9658 , At * 27 (D. Nev. Jan. 6, 2017)("[a]fter the government closes its evidence, or after the close of all of the evidence, [the defendant] may move for a judgement of acquittal on the grounds the evidence is insufficient to sustain a conviction. See Fed. R. Crim. P. 29. In a motion for judgement of acquittal he may assert arguments … whether any speech or conduct

introduced in evidence was speech and expression protected under the First Amendment"); *see also Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 264 (1994)(Souter, J., concurring) ("nothing in the Court's opinion precludes a RICO defendant from raising the First Amendment in its defense in a particular case. Conduct alleged to amount to Hobbs Act extortion…or one of the other, somewhat elastic RICO predicate acts may turn out to be fully protected First Amendment activity, entitling the defendant to dismissal on that basis").

Accordingly, the sword-and-shield effort of the Government with respect to the First Amendment implications in this case must be rejected, be it in ruling upon the *Motion in Limine* or at trial itself.

**If the Government has not proven a criminal offense beyond a reasonable doubt, then it is proper for such an argument to be made that directly challenges the charging decision of the Government.**

Next, the Government seeks to preclude evidence or argument regarding its charging decisions or how the Government has been selective in its charging decisions. *See Motion in Limine, at 5-6.* While Mr. DUNFEE does not intend to directly pursue such evidence at trial, if the evidence actually presented at trial demonstrates that the Government clearly has not established beyond a reasonable doubt all of the elements for any of the criminal offenses, then Mr. DUNFEE should not be precluded from challenging in closing argument the lack of evidence, including the charging decision of the Government to pursue such offense despite the lack of such evidence.

**Evidence and argument relating to various interactions with law enforcement surrounding the events at issue is an appropriate area to address so as to ensure due process rights are protected.**

The Government also seeks to preclude Mr. DUNFEE from "making arguments or attempting to introduce evidence that law enforcement gave permission to enter the U.S. Capitol."

6

*See Motion in Limine, at 6-8.* At the outset, Mr. DUNFEE would characterize such effort as much-ado-about-nothing as Mr. DUNFEE *never entered the Capitol*. Nonetheless, as to the involvement of public authorities, *i.e.*, law enforcement officers, vis-à-vis his conduct at issue, Mr. DUNFEE has already provided notice that "he was directed to engage in some of the conduct set forth in the indictment by U.S. Capitol Police Officer Anthony Warner. At the time, Officer Warner was vested with authority that had been delegated to the United States Capitol Police and was acting under color of that authority." *Notice of Public Authority Defense* (Doc. No. 50), *at 1*. Consistent with such *Notice* and various interactions between Mr. DUNFEE and Officer Warner on January 6, 2021, Mr. DUNFEE should be allowed to develop fully the evidence of such interaction and, based thereon, make the appropriate argument concerning such evidence as applied to the elements of the criminal charges. The effort of the Government to preclude such evidence and argument would work a denial of Mr. DUNFEE's fundamental due process rights to present his defense.

**As irrelevant evidence is not admissible under the Rules of Evidence, there is no need for a separate motion *in limine* to exclude such evidence.**

The Government concludes the *Motion in Limine* with a *non sequitur* by seeking to have this Court enter an order to exclude irrelevant evidence. *See Motion in Limine, at 8-10*. Yet, even a first-year law student should appreciate that irrelevant evidence is not admissible at trial. *Cf.* Fed. R. Evid. 402.

In seeking through a motion *in limine* to exclude (in general) irrelevant evidence, the Government apparently fears that this Court would otherwise "improperly consider" such evidence. *See Motion in Limine, at 8.* But such an "argument strikes at the heart of one of the basic tenets of a bench trial: that despite the admission of irrelevant evidence and what for a jury would be prejudicial evidence, it is presumed that a trial judge will consider only admissible evidence in making his/her findings." *United States v. Foley*, 871 F.2d 235, 239 (1st Cir. 1989).

7

Thus, the present effort of the Government is dumbfounding especially as counsel have not discussed in detail the nature of anticipated evidence. Nonetheless, to the extent irrelevant evidence is actually offered at trial, this Court is readily in a position to sustain any objection thereto or to only consider relevant evidence in its role as the finder of fact.

*Conclusion*

As developed above, a motion *in limine* is superfluous and not proper in the context of a bench trial. For that reason, the *Motion in Limine* should be denied. But even on the merits of the effort of the Government to have evidentiary rulings based simply on broad and conclusory assertions, the Government has not clearly demonstrated the need for such a ruling and, instead, the parties can and should proceed to trial consistent the normal process under the Federal Rules of Evidence.

Respectfully submitted,

 */s/ Curt C. Hartman*
Curt C. Hartman (0064242)
THE LAW FIRM OF CURT C. HARTMAN
7394 Ridgepoint Drive, Suite 8
Cincinnati, OH  45230
(513) 379-2923
*hartmanlawfirm@fuse.net*

Thomas W. Kidd, Jr. (0066359)
KIDD & URLING, LLC
9435 Waterstone Blvd, Suite #140
Cincinnati, Ohio 45249
(513) 733-3080
*tkidd@kiddurlinglaw.com*

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

      I certify that, on the date of filing, a copy of the foregoing will be served upon counsel for the government through the Court's ECF system.

         */s/ Curt C. Hartman*