UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM ROBERT DUNFEE,<br><br>     Defendant. | Case No. 23-cr-36-RBW |

**UNITED STATES' MOTION FOR AN ACCOUNTING
OF FUNDS RAISED BY THE DEFENDANT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for an accounting of money the Defendant William Robert Dunfee has raised in connection with this case. To date, the United States is aware that the Defendant has been fundraising through his church, through internet websites, and likely at in-person events. The Court should order an accounting of Dunfee's fundraising to determine the appropriate fine to impose at sentencing, as judges in this district have done in other January 6 cases.

The United States is aware of a number of fundraising efforts by the Defendant. *First*, in November 2022, Dunfee wrote an article for the Wisconsin Christian News. In the article, titled "Pastor Bill Dunfee – Targeted By the FBI," Dunfee falsely claimed that he "did not cause the civil discord," "did not obstruct official business," and, contrary to the evidence, "prevented the Capitol Building barricade from being broken." Ex. 421. He ended the article by saying that the "charges are false" and solicited donations through "TheChristianRevolution.Net." *Id. Second*, Dunfee fundraised through his church. On November 27, 2022, Dunfee posted an almost identical article to the one described above to his church's Facebook page (New Beginnings Ministries

Warsaw), except that he solicited donations through his church's website (nbm.churchcenter.com/giving). (Attachment 1.) *Third*, Dunfee recorded a fundraising video, which was posted to a podcast website. In the video, Dunfee solicited financial support, again through "TheChristianRevolution.Net." (Attachment 2.) *Fourth*, the United States believes that Dunfee has had at least one in-person fundraiser. On August 5, 2024, on a video podcast, an individual, who has associated with Dunfee in the past and who had previously posted Dunfee's aforementioned fundraising video (Attachment 2), said that someone had "organized a fundraiser out here in Buckeye Lake for Pastor Bill's defense fund." (Attachment 3.) The same podcaster previously represented that Dunfee told him that Dunfee's legal fees have been "in the neighborhood of $150,000." (Attachment 4.) Although Dunfee has retained counsel, he surely has not run up a legal bill anywhere close to $150,000, as his trial was half a day and there was very little motions practice in the case.[1]

Importantly, the Defendant's Guidelines presume that he should pay a fine. See PSR ¶ 169 (noting Guidelines fine range between $5,500 and $55,000). Moreover, in assessing Dunfee's financial condition, Probation has determined that he has the ability to pay a fine. *Id.* ¶ 142. In determining whether to impose a fine, the Court should consider, inter alia, the defendant's income, earning capacity, and financial resources, as well as whether a defendant has sought to "capitalize" on a crime that "intrigue[s]" the "American public." *See* 18 U.S.C. § 3572(a)(1); U.S.S.G. § 5E1.2(d); *United States v. Seale*, 20 F.3d 1279, 1284-86 (3d Cir. 1994).

Several other judges in this district have ordered such accountings in January 6 cases where the defendant engaged in fundraising. For example, in *United States v. DeGrave*, 1:21-cr-088-

---

[1] Counsel for the Defendant filed a motion to dismiss, an unopposed motion for a bench trial, and one motion *in limine*, and responded to two motions *in limine* from the government.

DLF, Judge Friedrich granted the government's motion for an accounting, when the defendant used three GiveSendGo accounts to raise in excess of $120,000. *See* Min. Order Mar. 16, 2023 (granting the government's Motion for an Accounting of Funds). In *United States v. Mehaffie*, 1:21-cr-40-TNM, Judge McFadden likewise ordered an accounting for a January 6 defendant who raised money on GiveSendGo. *See* Def.'s Response to Court's Request for an Accounting, ECF No. 562 ("responding to this Court's request that Defendant Mehaffie provide an accounting with respect to funds raised through the GiveSendGo.com"). Then-Chief Judge Howell in *United States v. McGrew*, 1:21-cr-398-BAH, sua sponte ordered an accounting of the defendant's GiveSendGo fundraising when alerted to it ahead of sentencing. *See* Min. Order Jan. 18, 2023 (ordering the defendant "to submit a full accounting of the contributions received by defendant's GiveSendGo account."). In *McGrew*, then-Chief Judge Howell encouraged the Government to raise motions for accounting like this one, stating:

> So at least for my sentencings, and I am sure the other judges would be interested as well, is that the government should make a pretty clear presentation as close to sentencing as to what the evidence is about how much money the defendant has raised online for purposes of ascertaining whether a criminal fine is warranted and whether the defendant is truly unable to pay a fine.

Sent. Tr. 51, *United States v. McGrew*, 1:21-cr-398-BAH. And important for this motion, then-Chief Judge Howell made clear that such an accounting should consider fundraising accounts set up "[f]or the defendant's benefit," *id*. at 52, even if those accounts were not set up by the defendant personally. *See also* Min. Order Sept. 6, 2023, *United States v. McHugh*, 1:21-cr-453-JDB (Judge Bates ordering, sua sponte, that the defendant "shall file an informal accounting of the GiveSendGo online fundraising account established on his behalf by not later than [the next day at 9:00AM]. Such accounting shall describe the amount of money raised, how it has been spent, and what funds, if any, remain.").

The United States submits it would aid the Court in fashioning an appropriate sentence to order an accounting of how much is in these funds and on what the expended funds were spent. An accounting would also ensure that the Defendant not be permitted to profit from his criminal conduct.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ Will N. Widman
WILL N. WIDMAN
KATHRYN E. BOLAS
Assistant U.S. Attorneys
NC Bar No. 48158
NY Bar No. 5704234
United States Attorney's Office
Capitol Siege Section
601 D Street, NW
Washington, D.C. 20530
Phone: 202-353-8611
Will.Widman@usdoj.gov
Kathryn.Bolas@usdoj.gov