UNITED STATE DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | CASE NO. 1:23-cr-00036-RBW |
| | : | |
| vs. | : | JUDGE WALTON |
| | : | |
| **WILLIAM DUNFEE,** | : | **RESPONSE TO GOVERNMENT'S** |
| | : | **SENTENCING MEMORANDUM** |
| Defendant | : | |

Defendant William Dunfee, through his Attorneys, Thomas W. Kidd, Jr. and Curt C. Hartman, hereby tenders this *Response* to the *Government's Sentencing Memorandum* (Doc. No. 85). Through this *Response*, Mr. Dunfee is simply refuting a few distinct arguments within the *Government's Sentencing Memorandum,* as well as including certain evidentiary materials relative thereto. Through tendering this *Response*, Mr. Dunfee does not waive and expressly reserves the right to present additional argument or evidence at the forthcoming sentencing hearing.

***Status of Prior Criminal Proceeding***.  Relying simply upon a newspaper story from 2014 concerning Mr. Dunfee being arrested for trespass in Coshocton County, Ohio, the Government states that "[t]he disposition of those charges remains unknown." *Gov't Sentencing Memorandum, at 36.*  Yet, a simply search of docket of the case, available online through the website of the Coshocton

Municipal Court,[1] would readily reveal that, two days after the charges were filed, the Municipal Court dismissed the charges on the motion of the prosecuting attorney. A copy of this docket entry is attached. Thus, any negative speculation or innuendo posited by the Government concerning such case is unfounded and refuted by the readily-available docket of the case.

***Mr. Dunfee's Current Health Status***. The Government is also dismissive of Mr. Dunfee's comments during his interview with Probation concerning his health, asserting that medical records do not support any issue concerning Mr. Dunfee's failing health. *See Gov't Sentencing Memorandum, at 35*. Whether medical records support that claim may be a legitimate question, but there is no question that Mr. Dunfee has health issues which were outlined in *Dunfee's Sentencing Memorandum* (Doc. No. 84), *at 3-4 & 21*. Pertinent medical records going to Mr. Dunfee's health issues are attached.

***Acceptance of Responsibility.*** The Government continues to oppose granting Mr. Dunfee the initial two-level decrease under USSG §3E1.1(a) for acceptance of responsibility. The extended exchanges between counsel in an effort to arrive at stipulations clearly establish that issues relating to sole to the now-dismissed Count Two, *i.e.,* the 18 USC 1512 offense, were the only issue precluding a plea.

Initially, on May 3, 2023, the Government extended a plea offer to Mr. Dunfee which would require Mr. Dunfee "agree[] to plead guilty to Count Two in the Indictment, charging your client with Obstruction of an Official Proceeding

---

[1] https://www.coshoctonmunicipalcourt.com/recordSearch.php

and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and (2)." *See attached Letter from AUSA Widman dtd 3 May 2023*.

In response to the plea proposal from the Government, Mr. Dunfee, through counsel, tendered a counteroffer, declaring:

> [Mr. Dunfee] is not prepared to accept the plea agreement to count 2, Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2).
>
> However, …. he is prepared to plead guilty to count 1, Civil Disorder (Aiding and Abetting), in violation of 18 U.S.C. § 231 (a)(3).

*See attached Letter from Counsel Thomas Kidd dtd 29 Jun 2023.*

In response to the counteroffer tendered by Mr. Dunfee, the Government rejected it. As stated by AUSA Widman in an email:

> After consultation with my supervisor, I have decided to reject Mr. Dunfee's counter-offer. We believe this is a strong case for Obstruction of an Official Proceeding, under 18 USC § 1512.
>
> From your letter, it appears that Mr. Dunfee may want to accept responsibility and I want to give him that opportunity. I will reopen the government's original plea offer until our next status hearing next Friday, August 4, 2023.

*See attached Email from AUSA Widman dtd 26 Jul 2023.* As this email confirms, the Government was willing to afford Mr. Dunfee credit for acceptance of responsibility but if and only if he pled to Count Two.

At this stage, discussions then focused on the potential of proceeding with a stipulated bench trial. The Government tendered its initial proposed stipulations in early September 2023. However, the stipulations presented by the Government went beyond stipulating to factual matters and, instead, transgressed into stipulating to legal conclusions, including requiring Mr.

3

Dunfee to stipulate that he committed the elements of Count Two, *i.e.*, 18 USC 1512.  Concerned that entering into such stipulations could constitute a waiver of any future issues for appellate review, Mr. Dunfee declined to those stipulations.  As his counsel explained in an email:

> One reason we decided to explore the stipulated trial is that we thought that our client would only be stipulating to facts, not to elements of the crime (paragraphs 44-47 of proposed stipulated facts).  Specifically, and by way of example only, I see no way forward to agreeing to stipulated facts if Mr. Dunfee is required to stipulate to the fact/element that he acted "corruptly".  Besides the fact that he does not believe he acted "corruptly, I would also think there would be a colorable waiver argument if we were to stipulate to acting corruptly if we were to appeal the court's guilty finding on the obstruction charge.

*See attached email from Counsel Thomas Kidd dtd 19 Sep 2023.*

> The next day, AUSA Widman in an email wrote:

> we also need to discuss whether Mr. Dunfee is planning on contesting the 1512 at the potential stipulated trial (not just reserving his rights to appeal). If so, the government may wish to contest whether Mr. Dunfee gets credit for acceptance of responsibility, since it would be a contested trial, and we may not choose to proceed solely via stipulations.  The fully stipulated trial is designed to be the functional equivalent of a conditional plea reserving your right to appeal one issue.

*See attached Email from AUSA Widman dtd 20 Sep 2023*.  Thus, at that stage, the Government recognized Mr. Dunfee was accepting responsibility for the offenses other than Count Two, *i.e.*, the 1512 offense which was ultimately dismissed) but, without him pleading to Count Two, the Government would recognize any acceptance of responsibility.

4

While the stipulated bench trial did not come to fruition at that time (though it did later), the parties continued to discuss working towards stipulations even if the matter was proceeding simply to a bench trial. And the Supreme Court's grant of certiorari in *Fischer* continued to make Count Two the sole stumbling block precluding a plea. An exchange between counsel on January 8, 2024, confirms against that Count Two alone was the stumbling block. Initially, counsel for Mr. Dunfee addressed the Government's insistence on a plea to Count Two:

> We note reports that, in light of the grant of cert in *Fischer*, Judge Howell has suggested a revisiting of the Government's prior stance on insisting on pleas to 18 USC 1512 counts to narrowing its focus on other charges. Obviously, when we last talked following the conference with the Court in December, cert in *Fischer* had just been granted and all concerned did not have the time to fully assess the impact. In light of the subsequent comments by Judge Howell, we wanted to see if, now given the opportunity to fully consider the impact of the granting of cert, the Government is open to modifying its prior insistence of pleas having to include a plead to 18 USC 1512.
>
> As we have always indicated Mr. Dunfee has been and is still willing to plead to the civil disorder charge, the other felony included within the Indictment. As we have also always indicated, this case is scheduled to proceed to trial due to the still lingering and unresolved appellate issues for 18 USC 1512 which directly affect Mr. Dunfee. Thus, we want [to] offer once again a plea to the felony civil disorder charge in return for dismissal of the 18 USC 1512 charge.

*See attached Email Exchanges between Counsel Thomas Kidd and AUSA Widman dtd 8 Jan 2024.* Yet, as before, the Government insisted on a plea to Count Two:

> I am not willing to dismiss the charges under 18 U.S.C. § 1512 based on the Supreme Court's grant of certiorari in *Fischer*.

> The counter-offer detailed in your email below was previously considered and rejected in July 2023. As I did then, I continue to believe that this is a strong case for "Obstruction of an Official Proceeding" under Section 1512.

*See attached Email Exchanges between Counsel Thomas Kidd and AUSA Widman dtd 8 Jan 2024.*

Nonetheless, discussions and negotiations continued regarding proposed stipulations which ultimately resulted in the stipulated bench trial that led to Mr. Dunfee's convictions on Counts One and Three – charges to which he was always willing to plea; the sole issue was and had always been limited to Count Two as confirmed by the extensive correspondence and emails cited above and attached hereto.

**Conclusion.**  As noted above, the foregoing simply refutes a few distinct arguments within the *Government's Sentencing Memorandum* important for the Court to be apprised in advance of the sentencing hearing.  Mr. Dunfee looks forward to more fully addressing all issues at the forthcoming sentencing hearing.

Respectfully submitted,

*/s/ Curt C. Hartman*
Thomas W. Kidd, Jr.
Kidd & Urling LLC
9435 Waterstone Blvd Suite #140,
Cincinnati, Ohio 45249
(513) 733-3080/Fax (513) 731-7230
tkidd@kiddurlinglaw.com

Curt C. Hartman
The Law Firm of Curt C. Hartman
7394 Ridgepoint Drive, Suite 8
Cincinnati, Ohio 45230
(513) 379-2923
hartmanlawfirm@fuse.net

**CERTIFICATE OF SERVICE**

I hereby certify that notice of the filing of the foregoing will be sent via the Court's CM/ECF system, to all counsel of record on the date of filing.