UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>WILLIAM DUNFEE, )<br>)<br>Defendant. )<br>) | Criminal Action No. 23-36 (RBW) |

## ORDER

On September 19, 2024, the Court held a sentencing hearing for the defendant, William Dunfee, for actions arising from the events at the Capitol on January 6, 2021. See Minute ("Min.") Entry (Sept. 19, 2024); see also Indictment as to William Dunfee ("Indictment") at 1, ECF No. 14. Upon consideration of all the materials submitted to the Court in advance of the sentencing hearing, and after oral argument was presented, the Court determined that the applicable offense level for the defendant under the United States Sentencing Guidelines was fifteen and assigned the defendant to Criminal History Category I based on his zero criminal history points. See United States v. Gall, 552 U.S. 38, 49 (2007) (indicated that the Court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"). Accordingly, the Court determined that the defendant's Guideline range was eighteen to twenty-four months, and his fine range seven thousand-five hundred to seventy-five thousand dollars. The Court then sentenced the defendant to a term of thirty months' incarceration on Count One of the Indictment and twelve months on Count Three of the Indictment, both to run concurrently.[1] See Min. Entry (Sept. 19, 2024); see also Indictment at 1.

---

[1] The Court further sentenced the defendant to a term of three years of supervised release as to Count One of the Indictment and one year of supervised release as to Count Three of the Indictment, also both to run concurrently. See Min. Entry (Sept. 19, 2024).

The Court deemed it appropriate to impose a prison sentence above the top of the applicable Guideline for the following reasons. First, "[a] departure [is] [ ] warranted in . . . exceptional case[s] [because] [ ] there is present a circumstance that the [Sentencing] Comission has not identified in the guidelines but is nevertheless [ ] relevant to determining the appropriate sentence[ for the defendant in this case]." U.S.S.G. § 5K2.0(2). Here, the Sentencing Commission did not contemplate the circumstances that occurred on January 6, 2021, specifically the attempt by a large number of individuals, including the defendant, to stop the peaceful transfer of power after the presidential election of 2020, which the defendant encouraged others to do. See id. Second, because the Court also determined that "the defendant's conduct [contributed to and] resulted in a significant disruption of a governmental function[—i.e., the certification of the electoral college vote results for the presidential election of 2020], the [C]ourt increase[d] the [defendant's] sentence above the authorized guidelines range to reflect the nature and extent of the disruption and the importance of the governmental function affected." U.S.S.G. § 5K2.7.

**SO ORDERED** this 23rd day of September, 2024.

*/s/ Reggie B. Walton*
REGGIE B. WALTON
United States District Judge